## BURTON'S LESSEE v. PRETYMAN [1] et al.*

Supreme Court. Sussex. October, 1797.

*Bayard's Notebook, 199.*

At this term, *Wilson,* for defendants, moved to set aside the *habere facias* upon the ground of its having been irregularly issued. He contended that the writ of error and security were a *supersedeas* and that the *habere facias* could not afterwards issue, 2 Cromp. 331, 335. The course would have been to have

---

[1] In other reports of this case the name is spelled "Prettyman."

* For earlier proceedings in this case, see *Bayard's Notebook, 90; Wilson's Red Book, 58; id.* at *174.*

taken a rule to transcribe record and in default to sign *non prosequitur,* 5 Com.Dig. 715, title "Pleading" B 14. That the writ was a *supersedeas* at any time before execution executed, 1 Wils. 16, Salk. 321 pl. 8. The allowance of the writ of error removed the judgment, and, though it had abated or been discontinued, the judgment would not return till a *remittitur* was entered above. He further insisted that the writ did not issue of course but upon motion, Barnes 201, Salk. 264 pl. 8.

It was answered by the counsel for the plaintiff that the English practice did not apply. The Court of Appeals had power to make their own rules. That they had made a rule that unless the errors were assigned at the term to which the writ was returnable, the writ should be no *supersedeas.* That no errors were assigned when the writ issued, and having regularly issued there could be no ground to set it aside. And that no notice was given of the errors being filed before the writ was executed.

PER CURIAM. We cannot allow it to be questioned whether the rule of the Court of Appeals is operative. The only question which can be is whether the proceedings in this case are pursuant to that rule. That Court sitting but once a year, it would be absurd to adopt the rules of Westminster Hall in relation to its practice. The rules of practice must be those which it has made, and such as conform to the nature of the court. This Court will take notice of the rules made by the Court of Appeals and, as far as belongs to them, will aid in carrying them into effect. The question before us now is whether the *habere facias* issued and was executed regularly. In fact, the errors not being assigned according to the rule of the court above, the *habere* was not superseded. There may be a question how the clerk is to take notice of the fact, whether he may not require a certificate from the clerk above; but in all cases he acts at his peril. But if in fact his conduct is warranted by the rules, there will be no irregularity. It would seem from Barnes 212 that a certificate is not necessary; it would be safe however for the clerk to require it. As to the execution of the writ, though delivered to the sheriff after the errors filed, yet as no notice of their being filed was given to the sheriff or the party, the execution of the writ was regular.

The motion denied.

*Miller* and *Bayard* for plaintiff. *Wilson* and *Peery* for defendants.